UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4161

GABRIEL AGUILERA-GUTIERREZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-256)

Submitted: September 30, 1999

Decided: October 8, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Arnold L. Husser, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gabriel Aguilera-Gutierrez pled guilty to illegal re-entry by a deported alien, <u>see</u> 8 U.S.C.A. § 1326(a), (b)(2) (West 1999), and possession of a firearm by an illegal alien, <u>see</u> 18 U.S.C.A. §§ 922(g)(5), 924(a)(2) (West Supp. 1999). We affirm the conviction and sentence.

Aguilera-Gutierrez's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's failure to depart below the guideline range pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 2L1.2, comment. (n.5) (1998). Application Note 5 suggests that a downward departure may be warranted when the defendant received an enhancement for having a prior conviction for an aggravated offense, but has only one such conviction, the prior offense was neither a crime of violence nor a firearms offense, and the prior sentence did not exceed one year. However, the district court's decision not to depart is not reviewable on appeal. <u>See United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir. 1990).

Pursuant to <u>Anders</u>, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may again move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

2